UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
         v.                     )   Crim. No 10-10061-NMG
                                )
LAWRENCE M. PERLMUTTER          )
                                )
              Defendant.        )

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION TO
                     CONDITIONS OF RELEASE

   On June 3, 2010, defendant Lawrence M. Perlmutter, a criminal defense lawyer from Newton, Massachusetts charged with using his lawyer trust account to launder approximately $1.8 million in drug proceeds for drug traffickers (hereinafter, "defendant"), moved to modify his conditions of release.  Specifically, defendant moved for three modifications: (1) removal of the electronic monitoring bracelet; (2) discontinuance of the drug testing condition; and (3) the return of his wife's Brazilian passport.  While the government does not object to the discontinuance of the drug testing, by this memorandum, it opposes removal of the bracelet and return of the passport.

   The government's position remains as it was in February 2010; i.e., because defendant is a substantial flight risk pursuant to 18 U.S.C. § 3142(f)(2)(A), restrictive conditions are needed to guarantee his appearance.  Indeed, as this case gets closer to disposition, for the reasons set forth below, the risk of defendant's flight only increases.

1.   Upon receipt of defendant's motion, the undersigned Assistant U.S. Attorney conferred with defendant's Pretrial Services Officer, who advised that Pretrial Services was opposed to removal of the bracelet and return of the passport.

2.   If convicted in this matter (and as discussed below in paragraph 4, the evidence is overwhelming), defendant will immediately lose his law license - his only legitimate means of substantial income in the United States - and his livelihood.

3.   Defendant is facing a significant jail sentence. While the Sentencing Guidelines are now advisory, defendant's preliminary Guidelines calculation,[1] even with acceptance of responsibility, is 135-168 months.

4.   The evidence against defendant is overwhelming. In addition to audio and video recordings, bank security video, bank records, tax returns (and the absence thereof), informant testimony, and the testimony of DEA and IRS agents, defendant made a post-arrest, post-Miranda statement when asked if he preferred to be called Lawrence or Larry that agents should refer to him as "idiot."

5.   As the Court is aware, defendant's wife is a Brazilian national, and defendant and his wife traveled together to Brazil

---

[1] The government does not agree herein that this is its final formal position with respect to the Guidelines, nor does it agree to any recommendation herein with respect to the Guidelines.

approximately six months prior to defendant's arrest in this case in August 2009. Additionally, as the Court is also aware from the detention hearing, defendant's wife was in this country illegally for approximately fifteen (15) years. Finally, the government has evidence of wire transfers from defendant and/or his wife to Brazil.

6. Though not currently charged with any criminal tax offenses, defendant, despite making substantial income, did not file any tax returns in 2002, 2003, 2004, 2005, 2006, and 2007. In light of those failures to file, the underlying criminal conduct in this case, the substantial penalties and loss of livelihood he faces, defendant's ties and travel to Brazil, and his wife's fifteen-year illegal residency in this country, defendant is simply not entitled to anything other than highly restrictive conditions of pretrial release.

Accordingly, for the above reasons, the government respectfully requests that the Court deny defendant's motion with respect to the first and third proposed modifications.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s Zachary R. Hafer
Zachary R. Hafer
Assistant U.S. Attorney
Boston, MA 02210

Date:   June 4, 2010

**CERTIFICATE OF SERVICE**

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 4, 2010.

                                                */s/Zachary R. Hafer*
                                                ZACHARY R. HAFER
                                                Assistant U.S. Attorney

Dated: June 4, 2010